# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| LAURA P., <br><br> Plaintiff, <br><br> v. <br><br> LELAND DUDEK,[1] <br> **Acting Commissioner of Social Security,** <br><br> Defendant. | **REPORT AND RECOMMENDATION** <br><br> Case No. 2:24-cv-00451-DBB-JCB <br><br> **District Judge David Barlow** <br><br> **Magistrate Judge Jared C. Bennett** |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[2] Before the court is Plaintiff Laura P.'s ("Plaintiff") appeal of Acting Commissioner of Social Security Leland Dudek's ("Commissioner") final decision determining that Plaintiff was not entitled to Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.[3] The court has carefully reviewed the parties' written memoranda. After careful consideration of the written briefs and the complete record, the court concludes that oral argument is not necessary. Based upon the analysis set forth below, Plaintiff's arguments on appeal fail. Therefore, the court recommends that the Commissioner's decision be affirmed.

---

[1] Leland Dudek is now the Acting Commissioner of Social Security. Under Fed. R. Civ. P. 25(d), he has been substituted for Acting Commissioner of Social Security Michelle A. King as the Defendant in this case. ECF No. 21.

[2] ECF No. 8.

[3] 42 U.S.C. §§ 1381-1383f.

## PROCEDURAL BACKGROUND

Plaintiff alleges disability due to various mental impairments. Plaintiff applied for SSI in August 2021.[4] Plaintiff's application was denied initially[5] and upon reconsideration.[6] Plaintiff later appeared with counsel for a hearing before an Administrative Law Judge ("ALJ"),[7] who issued a written decision denying Plaintiff's claim for SSI.[8] Plaintiff appealed the adverse ruling, and the Appeals Council denied her appeal,[9] which made the ALJ's decision final for purposes of judicial review.[10] Thereafter, Plaintiff filed a complaint in this court seeking review of the Commissioner's final decision.[11]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[12] The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."[13] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a

---

[4] ECF No. 9, Administrative Record ("AR ___") 264-74.
[5] AR 172.
[6] AR 177.
[7] AR 30-70.
[8] AR 12-29.
[9] AR 1-7.
[10] 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. § 416.1481.
[11] ECF No. 4.
[12] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).
[13] 42 U.S.C. § 405(g).

preponderance."[14] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[15] "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[16]

The aforementioned standards apply to the Commissioner's five-step evaluation process for determining whether a claimant is disabled.[17] If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.[18]

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that [her] impairments would have more than a minimal effect on [her] ability to do basic work activities, [she] is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.[19]

At step three, the claimant must show that his or her impairments meet or equal one of several listed impairments that are "severe enough to prevent an individual from doing any

---

[14] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

[15] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

[16] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (first alteration in original) (quotations and citation omitted).

[17] 20 C.F.R. § 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).

[18] 20 C.F.R. § 416.920(a)(4); *see also Williams*, 844 F.2d at 750.

[19] *Williams*, 844 F.2d at 750-51 (quotations and citation omitted); *see also* 20 C.F.R. § 416.920(a)(4)(i)-(ii).

gainful activity, regardless of his or her age, education, or work experience."[20] "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ."[21] Before considering step four, however, the ALJ must determine the claimant's residual functional capacity ("RFC").[22] An individual's RFC is her greatest ability to do physical and mental work activities on a regular and continuing basis despite limitations from her impairments.[23] In making this determination, the ALJ must consider all of the claimant's impairments, including impairments that are not severe.[24]

For the fourth step, the claimant must show, given her RFC, that her impairments prevent performance of her "past relevant work."[25] "If the claimant is able to perform [her] previous work, [she] is not disabled."[26] If, however, the claimant is not able to perform her previous work, she "has met [her] burden of proof, establishing a prima facie case of disability."[27]

From here, "[t]he evaluation process . . . proceeds to the fifth and final step," where the burden of proof shifts to the Commissioner.[28] The decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of [her] age,

---

[20] 20 C.F.R. § 416.925(a). *see also id*. § 416.920(a)(4)(iii).
[21] *Williams*, 844 F.2d at 751.
[22] 20 C.F.R. § 416.920(a)(4), (e).
[23] *Id*. § 416.945(a)(1), (b)-(c).
[24] *Id*. § 416.945(a)(2).
[25] *Id*. § 416.920(a)(4)(iv).
[26] *Williams*, 844 F.2d at 751.
[27] *Id*.
[28] *Id*.

education, and work experience."[29] If it is determined that the claimant "can make an adjustment to other work," she is not disabled.[30] If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," she is disabled and entitled to benefits.[31]

## ANALYSIS

On judicial review, Plaintiff appears to argue that the ALJ erred: (I) by failing to provide adequate explanation for why Plaintiff's reported symptoms were inconsistent with other evidence when assessing Plaintiff's RFC; and (II) by relying on the vocational expert's ("VE") testimony to find that Plaintiff could perform other work existing in significant numbers in the national economy.[32] As demonstrated below, Plaintiff's arguments fail. Accordingly, the court recommends that the Commissioner's decision be affirmed.

---

[29] *Id.* (quotations and citation omitted); *see also* 20 C.F.R. § 416.920(a)(4)(v).

[30] 20 C.F.R. § 416.920(a)(4)(v).

[31] *Id.*

[32] Although Plaintiff mentions several "issues" on judicial review, she really addresses one central issue: the ALJ failed to give adequate weight to Plaintiff's own assessment of her limitations and abilities to show up and work consistently and stay on task. Had the ALJ given the weight Plaintiff believes to be appropriate to her stated limitations, then she would be disabled according to one hypothetical given to the VE who testified at the hearing. Given that this is the only issue to which Plaintiff dedicated any analysis and argument, the court focuses on it only and finds that all other "arguments" raised in the brief lack adequate analysis and, therefore, are abandoned. *See, e.g.*, *Mays v. Colvin*, 739 F.3d 569, 576 (10th Cir. 2014) (declining to consider an argument that was not adequately developed and stating that the court "will not construct an argument" for the plaintiff); *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (providing that the court should "consider and discuss only those . . . contentions that have been adequately briefed for . . . review"). For example, the tail-end of Plaintiff's motion for review features a brief suggestion that the court should remand this case to allow for the consideration of evidence submitted to the Appeals Council, specifically a September 2023 statement from Plaintiff's mental healthcare provider, Ethan Shipp, NP-P ("NP Shipp") of Cottonwood Psychiatry and Counseling. ECF No. 14 at 37. Although inadequately briefed, in fairness to Plaintiff, the court addresses this issue and finds that, either way, substantial evidence supports the ALJ's decision. Plaintiff alleges that the Appeals Council did not acknowledge the

I.  **Substantial Evidence Supports the ALJ's Finding That Plaintiff's Reported Symptoms Were Inconsistent With Other Evidence.**

Plaintiff has not demonstrated that the ALJ erred in his evaluation of Plaintiff's subjective symptoms. Under the governing agency regulations, an ALJ must "consider all [the claimant's] symptoms, including pain, and the extent to which [the claimant's] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence."[33] Social Security Ruling 16-3 instructs ALJs to evaluate subjective symptom evidence following a two-step process. First, the ALJ must "consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain."[34] Second, the ALJ evaluates "the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities."[35] In doing so, the ALJ must "examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and

---

receipt of those records or discuss them in any way. *Id.* However, in its notice of denial of review, the Appeals Counsel acknowledged the 77 pages of evidence from Cottonwood Psychiatry and Counseling submitted to them and determined that the evidence "does not show a reasonable probability that it would change the outcome of the decision." AR 2. Accordingly, the Appeals Council considered the additional evidence Plaintiff submitted, including the opinion of NP Shipp, and found that the new evidence did not undercut the ALJ's finding. *See* 20 C.F.R. § 416.1470(b). Because the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision for purposes of judicial review. 42 U.S.C. § 405(g); 20 C.F.R. § 416.1481.

[33] 20 C.F.R. § 416.929(a).

[34] SSR 16-3p, 2017 WL 5180304, at *3.

[35] *Id.* at *3-4.

limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record."[36]

The ALJ properly applied this two-step process in evaluating Plaintiff's subjective symptoms. The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record."[37] The ALJ's decision includes a thorough discussion of the medical evidence, including several records showing that Plaintiff demonstrated normal mental status and social skills during multiple appointments.[38] The ALJ noted that there was very little medical evidence considering the subjective description of Plaintiff's limitations, therefore, the ALJ requested a consultative examination ("CE").[39] In considering the CE evidence, the ALJ concluded that Plaintiff "consistently exhibited mostly normal cognitive and social skills, despite her description of debilitating mental status deficits."[40] The ALJ also discussed Plaintiff's medication regimen and noted that her medication "really resolved" her dissociative episodes and reduced her anxiety.[41] Further, the ALJ considered

---

[36] *Id.* at *4.
[37] AR 20.
[38] AR 20-22.
[39] AR 21.
[40] AR 22.
[41] AR 20.

Plaintiff's daily activities, specifically her reports that she "assisted her husband [in] repair[ing] a truck, and that she maintained social relationships with 'some' social and outdoor activities."[42]

Plaintiff does not challenge these findings. Instead, she appears to take issue with the Commissioner's evaluation of a claimant's symptoms in general.[43] However, Plaintiff's disagreement with the statutory and regulatory framework governing the consistency analysis is not a valid basis to attack substantial evidence,[44] and none of Plaintiff's arguments demonstrate that the ALJ failed to apply the correct legal standards. Plaintiff merely reargues the weight of Plaintiff's testimony regarding her symptoms—a futile tactic on appeal given that it is not this court's role to reweigh the evidence before the ALJ.[45] The ALJ provided detailed reasons for his evaluation of Plaintiff's subjective symptoms. The ALJ then decided to what degree Plaintiff's symptoms affect her ability to work. Then, referring to the medical evidence, the ALJ determined that Plaintiff could perform simple, routine, and repetitive tasks with no contact with the public and brief, superficial supervision with supervisors.[46] Substantial evidence supports this finding.

II. **The ALJ Reasonably Relied on the VE's Testimony at Step Five That Plaintiff Could Perform Other Work Existing in Significant Numbers in the National Economy.**

Substantial evidence supports the ALJ's conclusion, based on the VE's testimony, that Plaintiff could perform other work existing in significant numbers in the national economy. If the claimant shows in steps one through four of the Commissioner's evaluation process that she

---

[42] AR 21.

[43] ECF No. 14 at 7-9.

[44] *Erin M. v. Kijakazi*, No. 2:21-CV-00137-TC-JCB, 2022 WL 7956659, at *4 (D. Utah July 28, 2022).

[45] *Madrid*, 447 F.3d at 790.

[46] AR 19.

cannot perform her past relevant work, the burden of proof shifts to the Commissioner to show that there are sufficient numbers of other jobs in the national economy that the claimant can perform.[47] If the claimant "can make an adjustment to other work," she is not disabled.[48] If, on the other hand, the claimant "cannot make an adjustment to other work," she is disabled and entitled to benefits.[49] At step five, the ALJ will often call a VE to testify hypothetically whether, based on the RFC, the ALJ has determined that jobs exist in sufficient numbers in the national economy that the claimant can perform.[50]

    At Plaintiff's hearing, the ALJ asked a VE to testify based on a hypothetical question consistent with the ALJ's ultimate RFC determination.[51] Presented with this hypothetical scenario, the VE testified that Plaintiff could perform the following occupations: laundry worker, industrial cleaner, and kitchen helper.[52] The ALJ asked the VE if his testimony was consistent with the information in the Dictionary of Occupational Titles, and he replied that it was.[53] The ALJ then relied on the VE's testimony in finding at step five that Plaintiff could perform work existing in significant numbers in the national economy, including the three occupations identified by the VE.[54]

---

[47] *Williams*, 844 F.2d at 751.

[48] 20 C.F.R. § 416.920(a)(4)(v).

[49] *Id.*

[50] *See Heckler v. Campbell*, 461 U.S. 458, 461 (1983).

[51] AR 58-60.

[52] AR 60-63.

[53] AR 64.

[54] AR 23.

Plaintiff argues, however, that the ALJ erred by not adopting the hypothetical posed to the VE that tracked Plaintiff's testimony regarding how her symptoms had caused difficulties in showing up for work consistently and staying on task.[55] Specifically, the ALJ asked the VE whether an individual who regularly exceeded the customary limits for breaks and off-task time during the workday could perform any work, and the VE testified that such an individual would be precluded from all jobs.[56]

Having previously determined that Plaintiff's claimed limitations were inconsistent with the evidence in the record, the ALJ found that Plaintiff's limitations were consistent with his second hypothetical to the VE (i.e., the ability to perform work that consists of only simple, routine, repetitive tasks, with no contact with the public). "By posing a particular hypothetical, an ALJ does not confine [himself] to making an RFC determination mirroring the hypothetical limitations."[57] "The ALJ was not required to accept the answer to a hypothetical question that included limitations claimed by the [P]laintiff but not accepted by the ALJ as supported by the record."[58] Here, the uncontradicted testimony before the ALJ was that a hypothetical individual with the same limitations that the ALJ ultimately assessed in Plaintiff's RFC would be able to do the three occupations identified by the VE. Thus, substantial evidence supports the ALJ's finding that Plaintiff could do other work existing in significant numbers in the national economy.

---

[55] ECF No. 14 at 16-17.

[56] AR 64.

[57] *Ruth v. Astrue*, 369 Fed. App'x 929, 931 (10th Cir. 2010).

[58] *Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir. 1995).

## CONCLUSION AND RECOMMENDATION

Having determined that the ALJ's findings and conclusions are supported by substantial evidence and free from legal error, IT IS HEREBY RECOMMENDED that the ALJ's decision be AFFIRMED.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[59] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[60] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 11th day of March 2025.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[59] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).
[60] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).